UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC ARNOLD, Warden,<br><br>　　　　Respondent. | Case No. CV 17-9271-DSF(JC)<br><br>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**I.　SUMMARY**

On December 28, 2017, petitioner Joseph Nichols ("petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"), with attachments ("Petition Attachments" or "Petition Att.") and exhibits ("Petition Exhibits" or "Petition Ex."). The exhibits include a transcript of a January 14, 2016 hearing before the California Board of Parole Hearings ("Board"). See Petition Ex. A.

Petitioner challenges the Board's decision denying him parole, claiming that such decision violated his due process rights. As will be discussed in greater detail below, petitioner essentially alleges: (1) the Board relied on erroneous information in a probation officer's report to find him not suitable for parole;

(2) the Board relied on a comprehensive risk assessment report prepared by a psychologist who was biased and made sexual advances toward petitioner during his evaluation and, when rebuffed, prepared a negative assessment; (3) both the Board and the psychologist were wrong about petitioner's alleged lack of insight or remorse because petitioner has always maintained his innocence; (4) the Board failed to comment on certain information in petitioner's typewritten rebuttal to the psychologist's assessment and on petitioner's laudatory "chronos" in the file; (5) the Board denied petitioner a postponement of the hearing so petitioner could gather documentation to support his suitability for parole; (6) petitioner's counsel for the hearing was ineffective in failing to advise the Board that petitioner had requested other counsel, and for failing to meet with petitioner before the hearing to discuss strategy; (7) the Board failed to determine an "adjusted base term" as ordered by In re Butler, Cal. Ct. App. Case No. A139411; (8) the Board relied on unreliable and/or dated disciplinary reports; (9) the Board relied on "confidential" information in denying parole without giving petitioner related discovery to prepare for the hearing; and (10) petitioner otherwise is qualified for "elderly parole" because he is 60 years old. See Petition Att. at 1-34.

As it plainly appears from the face of the Petition, the Petition Attachments, and the Petition Exhibits that petitioner is not entitled to federal habeas relief as requested, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4").

**II.   PROCEDURAL HISTORY**[1]

On July 8, 1993, a Los Angeles County Superior Court jury convicted petitioner of kidnapping for robbery, second degree robbery, dissuading a witness

---

[1] Although the Court's disposition of the Petition and this action is predicated only upon what plainly appears from the face of the Petition (including the Petition Attachments and Petition Exhibits), a broader procedural history is set forth for context.

2

by force or threat, and evading a police officer.  See Petition at 2.  The jury found true firearm use allegations.  See People v. Nichols, 29 Cal. App. 4th 1651, 1654 (1994) (detailing history); Nichols v. Asuncion, C.D. Cal. Case No. CV 16-5405 DSF(JC), Docket No. 10 at 2 (Order Dismissing Petition for Writ of Habeas Corpus and Action Without Prejudice).[2]  Petitioner admitted having suffered prior felony convictions.  People v. Nichols, 29 Cal. App. 4th at 1654.  The state court sentenced petitioner to life plus 18 years and eight months in state prison.  Id.

On January 14, 2016, the Board held a parole hearing and denied petitioner parole.  See Petition Ex. A.  As noted above, on December 28, 2017, petitioner filed the instant Petition challenging the 2016 parole denial.  Petitioner has not included with the Petition specific information for any state court filings related to the Board's 2016 parole denial.  See Petition at 3-5.[3]

## III. DISCUSSION

### A. Summary Dismissal of the Petition Is Appropriate

A district court may dismiss a habeas petition summarily "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Habeas Rule 4; Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998).  Here, dismissal of the Petition and this action

---

[2] The Court takes judicial notice of the Court of Appeal's opinion in People v. Nichols, 29 Cal. App. 4th 1651 (1994) and of the documents on file in Nichols v. Asuncion, C.D. Cal. Case No. CV 16-5405 DSF(JC) and Nichols v. Asuncion, Ninth Circuit Case No. 16-72582.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[3] Petitioner has filed several unsuccessful habeas petitions with the California Court of Appeal and the California Supreme Court since the Board's 2016 parole denial.  See Dockets in In re Joseph Nichols on H.C., Cal. Ct. App. Case Nos. B271867, B280494, and B281200; Nichols v. Superior Court of Los Angeles, Cal. Ct. App. Case No. B283880; Nichols v. S.C.L.A., Cal. Ct. App. Case No. B284761; Nichols (Joseph) on H.C., Cal. Case Nos. S241893 and S243926, available online at http://appellatecases.courtinfo.ca.gov/search.  The Court takes judicial notice of these dockets.  See  Fed. R. Evid. 201; Harris, 682 F.3d at 1131-32.

pursuant to Habeas Rule 4 is appropriate. See, e.g., Ezell v. McDowell, 2017 WL 6868706, at *3-*4 (C.D. Cal. Nov. 7, 2017) (summarily dismissing habeas claims challenging parole suitability determination where, as here, petitioner received all the process to which he was entitled, *i.e.*, he had an opportunity to be heard and the Board stated its reasons for denying parole; citing Swarthout v. Cooke, 562 U.S. 216, 222 (2011)), report and recommendation adopted, 2017 WL 6818657 (C.D. Cal. Dec. 29, 2017); Crane v. Beard, 2017 WL 1234096, at *5 (C.D. Cal. Apr. 3, 2017) (same), certificate of appealability denied, 2017 WL 6498004 (9th Cir. 2017); Bird v. Board, 2016 WL 3456838, at *2 (D. Mont. May 16, 2016) (summarily dismissing habeas claim challenging parole suitability determination as foreclosed by Swarthout where petitioner received minimal procedural protection required; such was the "beginning and the end of federal habeas" analysis (quoting Swarthout, 562 U.S. at 220)), report and recommendation adopted, 2016 WL 3509452 (D. Mont. June 21, 2016); Aranda v. Seibel, 2016 WL 749061, at *3-*4 (C.D. Cal. Feb. 24, 2016) (same); Caldwell v. Valenzuela, 2013 WL 941970, at *2 (C.D. Cal. Mar. 11, 2013) (same).

**B.     Federal Habeas Relief Is Not Available for Petitioner's Claims**

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("Greenholtz"). In some instances, however, state statutes may create liberty interests in parole release entitled to protection under the federal Due Process Clause. See Board of Pardons v. Allen, 482 U.S. 369, 371 (1987); Greenholtz, 442 U.S. at 12. The Ninth Circuit has held that California's statutory provisions governing parole create such a liberty interest. See Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011); Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir.

///

///

4

2010) (en banc), <u>overruled on other grounds by</u> <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011).[4]

"In the context of parole, . . . the procedures required are minimal." <u>Swarthout v. Cooke</u>, 562 U.S. at 220. Due Process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for a denial of parole. <u>Greenholtz</u>, 442 U.S. at 16; <u>see also</u> <u>Swarthout v. Cooke</u>, 562 U.S. at 220. "The Constitution does not require more." <u>Greenholtz</u>, 442 U.S. at 16; <u>accord</u> <u>Swarthout v. Cooke</u>, 562 U.S. at 220 (citation omitted); <u>see also</u> <u>Roberts v. Hartley</u>, 640 F.3d at 1046 ("there is no substantive due process right created by the California parole scheme"). In the parole context, then, "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" <u>Roberts v. Hartley</u>, 640 F.3d at 1046 (quoting <u>Swarthout v. Cooke</u>, 562 U.S. at 220). Petitioner does not contend, and the record does not show, that petitioner was denied these required procedural safeguards. Petitioner had a lengthy hearing during which petitioner and his counsel had ample opportunity to be heard, and the Board issued a written statement of its reasons for denying petitioner parole. <u>See</u> Petition Ex. A (hearing transcript and decision). Contrary to petitioner's general argument, petitioner plainly received all the process that was due during his 2016 parole hearing.

The California Supreme Court has held, as a matter of state law, that "some evidence" must exist to support a parole denial. <u>See</u> <u>In re Lawrence</u>, 44 Cal. 4th 1181, 1212 (2008). In <u>Swarthout v. Cooke</u>, however, the United States Supreme

---

[4] In <u>Swarthout v. Cooke</u>, the Supreme Court did not reach the question of whether California law creates a liberty interest in parole, but observed that the Ninth Circuit's affirmative answer to this question "is a reasonable application of our cases." <u>Swarthout v. Cooke</u>, 562 U.S. at 219-20 (citations omitted). The Ninth Circuit held that <u>Swarthout v. Cooke</u> "did not disturb our conclusion that California law creates a liberty interest in parole." <u>Roberts v. Hartley</u>, 640 F.3d at 1045 (citation omitted).

Court rejected the contention that the federal Due Process Clause contains a guarantee of evidentiary sufficiency with respect to a parole determination. Swarthout v. Cooke, 562 U.S. at 220-22 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cooke"). Accordingly, Swarthout v. Cooke bars any challenge to the sufficiency of the evidence to support the Board's decision. See id. at 222 ("The Ninth Circuit's questionable finding that there was *no* evidence in the record supporting parole denial is irrelevant unless there is a federal right at stake. . . . [T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California Courts, and is no part of the Ninth Circuit's business.") (emphasis original; internal citation omitted); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v. Cooke] makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254."); see also Madrid v. Mendoza-Powers, 424 Fed. Appx. 671, 672 (9th Cir. 2011) (Swarthout v. Cooke foreclosed claim that Board could not continue to deny petitioner parole based on allegedly immutable factors of his commitment offense, previous record of violence, and social history). To the extent petitioner may be challenging the sufficiency of the evidence on which the Board relied to reach its decision, he fails to state a claim for federal habeas relief.

With these basic principles in mind, the Court turns to petitioner's claims.

///

///

### 1. Any Argument That the Board Was Biased Does Not Merit Federal Habeas Relief

Petitioner generally argues that the Board is systematically biased against granting parole. (Petition Att. at 5, 10-12, 15-16). Petitioner's argument is meritless. While a prisoner is entitled to have his parole application considered by a "neutral and detached hearing body" that is "free from bias or prejudice," O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991), administrative adjudicators are presumed to act with honesty and integrity. See Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 496-97 (1976); Withrow v. Larkin, 421 U.S. 35, 47 (1975). To overcome this presumption, a petitioner alleging bias "must show that the adjudicator has prejudged or reasonably appears to have prejudged, an issue." Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995) (citation and internal quotations omitted). A petitioner may make this showing in two ways. First, "the proceedings and surrounding circumstances may demonstrate actual bias on the part of the adjudicator." Id. (emphasis and citations omitted). Second, a petitioner may show that "the adjudicator's pecuniary or personal interest in the outcome of the proceedings . . . create[d] an appearance of partiality that violates due process. . . ." Id. (emphasis and citations omitted).

Petitioner has made neither showing. As detailed below, the record demonstrates that the Board reviewed the evidence, listened to the presentations of petitioner and his counsel, and rendered an individualized determination of petitioner's unsuitability for parole.

### 2. Petitioner's Claims Challenging the Basis on Which the Board Denied Him Parole Are Not Cognizable

Most of petitioner's claims implicate only the reliability and sufficiency of the evidence to support the Board's decision. Regardless of whether the Board erred in its characterizations, emphases or factual findings (including credibility

findings), federal habeas relief is unavailable. See Swarthout v. Cooke, 562 U.S. at 220-22.

Petitioner alleges that the Board relied on erroneous information in a probation officer's report, over petitioner's objections, to find him not suitable for parole. See Petition Att. at 1-2, 5-6, 15; see also Petition Ex. B at 1-11 (probation officer's report). The probation officer's report included information about a second victim; petitioner purportedly had been acquitted of the charge(s) relating to that victim. See Petition Att. at 1; Petition Ex. B at 2-3. Petitioner's counsel raised this issue with the Board at the hearing and the Board acknowledged the error in the report, and indicated it would not consider the erroneous information in assessing petitioner's parole eligibility. See Petition Ex. A at 23-24, 214. The Board also went through the probation officer's report with petitioner and gave him an opportunity to explain or dispute any information contained therein. See Petition Ex. A at 27-29.

Petitioner alleges that the Board relied on a negative comprehensive risk assessment prepared by a biased psychologist who relied, in part, on the erroneous information in the probation officer's report to find petitioner was a high risk for violence. See Petition Att. at 6-8, 10-19; see also Petition Ex. B at 38-52 (comprehensive risk assessment). Petitioner also alleges that the Board failed to comment on certain aspects of petitioner's typewritten "rebuttal" to the psychologist's assessment and on petitioner's laudatory "chronos" in the file. See Petition Att. at 8-10, 13-14. Petitioner acknowledged at the hearing that he did not have some of his chronos for the Board. See Petition Ex. A at 198-200. The Board gave petitioner an opportunity to discuss his post-conviction work, training, and positive chronos. See Petition Ex. A at 124-31.

The Board also went through the psychologist's assessment with petitioner, giving petitioner a chance to explain or dispute any information contained in the assessment. See Petition Ex. A at 26-28, 30, 75, 77-86, 167-68, 173-83. The

Board told petitioner that the assessment would not be "the thing that makes or breaks you today," in terms of determining his parole suitability. See Petition Ex. A at 78. The Board received petitioner's rebuttal for the record and considered the rebuttal as part of its deliberations. See Petition Ex. A at 15, 19, 77-78, 85, 167-68, 172-73, 216-17. In the decision, the Board gave "significant weight" to the risk assessment, which it found to be unbiased. See Petition Ex. A at 230; see also Petition Ex. A at 77-78, 85 (Board noting that nothing in the assessment suggested the psychologist was biased).

Petitioner alleges that both the Board and the psychologist were wrong about petitioner's alleged lack of insight or remorse in part because petitioner has always maintained his innocence. See Petition Att. at 8-10, 15-19. During the hearing, the Board allowed petitioner to explain at length his remorse and his insight into his life leading up to the crimes and through the time when petitioner was arrested. (Petition Ex. A at 32-121).

Petitioner alleges that the Board relied on unreliable and/or dated disciplinary reports, and "confidential" information in denying parole without giving petitioner discovery to prepare for the hearing. See Petition Att. at 22-32. "Inmates are not entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision." Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (citation omitted). The Board discussed petitioner's prison disciplinary proceedings with petitioner, allowing petitioner to explain or deny any information in the reports. See Petition Ex. A at 131-42, 153-67, 224.[5] While due process may require that prisoners have access to their records in advance of a

---

[5]To the extent petitioner challenges disciplinary reports upon which the Board may have relied, such claim is not cognizable on federal habeas review because any such successful challenge would not necessarily entitle petitioner to an accelerated release from confinement. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (challenge to disciplinary hearing that led to rules violation report not cognizable on federal habeas review notwithstanding alleged impact on parole determination), cert. denied, 137 S. Ct. 645 (2017).

9

parole hearing, see Swarthout, 562 U.S. at 220 (observing that Cooke received due process by having advance access to his "records"), the Board indicated that it did <u>not</u> rely on any confidential information contained in petitioner's central file to determine petitioner's parole suitability, rendering any such information irrelevant. See Petition Ex. A at 217. That petitioner may have been denied access to any such irrelevant "confidential information" in his central file did not deny him due process.

Nothing in this record suggests systematic bias or prejudice as petitioner claims.

### 3. Petitioner's Claims Challenging the Board's Procedure in Denying Him Parole Are Not Cognizable

Petitioner alleges that the Board wrongfully denied petitioner a postponement of the hearing so petitioner could gather documentation to support his suitability for parole. See Petition Att. at 16-17. Petitioner requested a postponement of the hearing for the Board to review his rebuttal to the psychologist's assessment and possibly order a new psychological evaluation, so that an issue petitioner had within the prison could be resolved, and so he could gather additional evidence for the Board to consider. See Petition Ex. A at 18, 119-20, 143, 145-46. The Board heard and denied petitioner's late request, indicating that it had read petitioner's rebuttal and found no good cause to postpone the hearing. See Petition Ex. A at 19, 146, 150-51. Due process required nothing more. Swarthout v. Cooke, 562 U.S. at 220-22; see also Roberts v. Hartley, 640 F.3d at 1045-46 (under Swarthout, any procedural due process requirement is met as long as the state provides an inmate seeking parole an opportunity to be heard and a statement of reasons why parole was denied); Pearson v. Muntz, 639 F.3d at 1191 ("While the [Swarthout] Court did not define the minimum process required by the Due Process Clause for a denial of parole under the California system, it made clear that the Clause's requirements were

satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'"); Bayramoglu v. Ochoa, 2012 WL 1048407, at *2-*3 & n.4 (C.D. Cal. Mar. 26, 2012) (denying claim that Board improperly denied prisoner's request for a postponement of the parole hearing as not alleging a violation of federal law), report and recommendation adopted, 2012 WL 1048126 (C.D. Cal. Mar. 28, 2012).

### 4. Petitioner's Claim That His Counsel Provided Ineffective Assistance at the Hearing Plainly Lacks Merit

Petitioner alleges that his counsel for the hearing was ineffective in failing to advise the Board that petitioner had requested other counsel, and for failing to meet with petitioner before the hearing to discuss strategy. See Petition Att. at 20. Petitioner told the Board that he had a different attorney prior to the hearing and said he did not want to proceed with his current attorney because he felt like the attorney had not prepared for the hearing. See Petition Ex. A at 146-48, 150. The Board noted that petitioner's attorney was "very capable," and advised that if there was any sense the attorney was "short-changing" petitioner, the Board would postpone the hearing for petitioner to obtain new counsel. See Petition Ex. A at 149.

Petitioner can show no constitutional violation. There is no constitutional right to counsel at parole consideration hearings. See Dorado v. Kerr, 454 F.2d 892, 896-97 (9th Cir.), cert. denied, 409 U.S. 934 (1972); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); Villagrana v. Diaz, 2012 WL 4210308, at *4 (E.D. Cal. Sept. 19, 2012) ("there is no clearly established right to counsel at parole suitability hearings"), certificate of appealability denied, No. 12-17220 (9th Cir. Oct. 28, 2016). Because petitioner had no federal constitutional right to counsel at his parole hearing, he can claim no Sixth Amendment right to effective

assistance of counsel at the hearing.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (petitioner cannot claim constitutionally ineffective assistance of counsel where there is no underlying constitutional right to counsel); but see Lopez v. Warden, 388 Fed. Appx. 711, 712 n.1 (9th Cir. 2010) (certifying for appeal petitioner's claim that he received ineffective assistance of counsel at parole hearing, but rejecting claim because record did not indicate that counsel's performance was deficient and petitioner could not establish prejudice).

Even assuming petitioner had a federal constitutional right to the effective assistance of counsel at his parole hearing, his instant claim would fail because it lacks merit.  The record does not suggest that counsel's performance was deficient, and petitioner has not established prejudice from counsel's performance. Petitioner has not suggested what more counsel may have prepared or presented to demonstrate a reasonable probability of a different parole decision.  See Strickland v. Washington, 466 U.S. 668, 688, 693-94 (1984).

### 5. Petitioner's Claim That the Board Failed to Calculate an Adjusted Base Term as Part of His Parole Consideration Hearing Is Not Cognizable

Petitioner argues that the Board should have calculated an adjusted base term for him as part of his parole consideration hearing.  See Petition Att. at 21-22 (citing In re Butler, Cal. Ct. App. Case No. A139411); see also In re Butler, 236 Cal. App. 4th 1222 (2015) (discussing case history).  Butler resulted in a stipulated order applying to a class of California prisoners (*i.e.*, life-term inmates), wherein the Board agreed to "publicly announce and implement new policies and procedures that would result in the setting of base terms and adjusted base terms at life inmates' initial parole consideration hearings or, if that hearing had already taken place, at the next hearing resulting in a grant or denial of parole."  In re Butler, 236 Cal. App. 4th at 1227.

First, petitioner's claim that the Board failed to follow Butler's order does

not merit federal habeas relief because it raises only an issue of state administrative procedure. Federal due process does not require adherence to California procedures. See Swarthout v. Cooke, 562 U.S. at 220-22; see also, e.g., Stephens v. Borders, 2017 WL 5508504, at *1 (C.D. Cal. Nov. 15, 2017) (finding claim that Board failed to comply with Butler as relying exclusively on state law and not cognizable on federal habeas review), appeal filed, No. 17-56895 (9th Cir. Dec. 18, 2017); Payne v. Sherman, 2017 WL 6459365, at *3-*4 (C.D. Cal. Sept. 26, 2017) (same), report and recommendation adopted, 2017 WL 6453297 (C.D. Cal. Dec. 8, 2017), certificate of appealability denied, No. 18-55045 (9th Cir. Jan. 31, 2018); Carr v. Rackley, 2017 WL 1353804, at *3-*4 (E.D. Cal. Apr. 10, 2017) (dismissing under Rule 4 due process challenge to Board's alleged failure to calculate prisoner's adjusted base term under Butler as not cognizable; observing that calculation of adjusted base term would have only a speculative effect on whether a prisoner would be granted parole during his/her lifetime); Jamison v. Davis, 2016 WL 3143925, at *2 (N.D. Cal. June 6, 2016) (same); Magee v. Arnold, 2016 WL 1060203, at *1-*3 (E.D. Cal. Mar. 17, 2016) (same).

Second, even assuming such claim otherwise implicated petitioner's federal due process rights, it would fail because the California Supreme Court has recently relieved the Board of its obligation to calculate base terms and adjusted base terms as such calculation no longer directly impacts the release dates for inmates serving indeterminate life sentences. In re Butler, 2018 WL 1570369, *10-*11 (Cal. Apr. 2, 2018) (No. S237014).

### 6. Petitioner's Claim That He Is Qualified for Elderly Parole Is Not Cognizable

Petitioner alleges that he is qualified for "elderly parole" because he is 60 years old and on that basis should be released. See Petition Att. at 33-34. The Board considered whether petitioner should be granted "elderly" parole, and found petitioner was a "physically well capable guy" and should not be granted elderly

13

parole. See Petition Ex. A at 232.

Even if petitioner is qualified for elderly parole as he alleges, the Board considered and rejected petitioner's claim that he should be released on elderly parole. Success on petitioner's claim that he is elderly parole qualified would not necessarily lead to an immediate or earlier release from confinement. See Nettles v. Grounds, 830 F.3d at 934 (under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it). Petitioner's claim is not cognizable. See, e.g., Fegan v. Arnold, 2017 WL 2671019, at *1 (E.D. Cal. June 21, 2017) (finding petitioner's request for consideration of eligibility under the elderly parole program was not cognizable federal habeas claim).

### 7. The Court Is without Jurisdiction to Consider Any Claim Challenging Petitioner's 1993 Conviction or Sentence

It appears that petitioner may also be attempting to challenge the sufficiency of the evidence on which he was convicted in the underlying state case, arguing that he was convicted based on a witness's allegedly false statements which tainted police reports, a photographic identification, a probable cause determination, the preliminary hearing, the information and accusatory pleading, the jury verdicts, and petitioner's sentence. See Petition Att. at 3-4. The Court is without jurisdiction to consider any such claims because they are successive, and the Ninth Circuit has not authorized petitioner to file a second or successive petition. See Docket No. 5 in Nichols v. Arnold, C.D. Cal. Case No. CV 17-8490-DSF(JC) (order dismissing petition for writ of habeas corpus challenging 1993 conviction as successive habeas application requiring authorization from the Ninth

///

///

Circuit before filing; noting that petitioner had filed prior federal habeas actions in 1999, 2006, 2009, 2011, 2014, and 2016 challenging his 1993 conviction).[6] District courts do not have jurisdiction to consider a second or successive habeas corpus petition unless the petitioner first obtains permission from the circuit court of appeals to file one. See Felker v. Turpin, 518 U.S. 651, 657 (1996) (28 U.S.C. § 2244(b) creates a "gatekeeping" mechanism for "second or successive habeas application in the district court"). Any claim challenging the validity of petitioner's 1993 conviction or sentence is second or successive and not properly before the Court.[7]

## IV. CONCLUSION AND ORDERS

In light of the foregoing, the Petition must be dismissed summarily, pursuant to Habeas Rule 4, because it "plainly appears" that none of petitioner's claims warrant relief, nor could they do so with amendment.

IT IS HEREBY ORDERED: (1) the Petition and this action are dismissed; and (2) the Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of a denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations.

DATED: _4/4/18

_/s/ Dale S. Fischer_
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[6] The Court takes judicial notice of the documents on file in Nichols v. Arnold, C.D. Cal. Case No. CV 17-8490-DSF(JC) and the other Central District of California and Ninth Circuit cases filed by petitioner which are referenced in the December 4, 2017 dismissal order issued therein. See Fed. R. Evid. 201; Harris, 682 F.3d at 1131-32.

[7] A search of the court's PACER system reflects that to date, the Ninth Circuit has not authorized petitioner to file a second or successive petition. Instead, it has at least once denied him leave to do so. See Nichols v. Asuncion, Ninth Circuit Case No. 16-72582, Docket No. 6.